# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MACHANICH, et al., Plaintiffs, v. BRUCE P. GREGO, Defendant. | CV 18-7517 DSF (JCx) <br><br> Order DENYING Motion to Remand (Dkt. No. 11) |

Plaintiffs have moved to remand based on the forum defendant exception to removal contained in 28 U.S.C. § 1441(b)(2). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for October 29, 2018 is removed from the Court's calendar.

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

There is no dispute that Defendant is a citizen of California and would, in the usual case, not be able to remove a case from state court in California. However, Defendant argues that he was not served prior to removal and, therefore, is not a "part[y] in interest properly joined and served" for the purposes of § 1441(b)(2).

In response, Plaintiffs first argue that § 1441(b)(2), despite its explicit language, does not actually allow a local defendant who has not yet been served to remove a case from state court. While the Court is sympathetic to the policy-based arguments made by Plaintiffs and agrees that the result in this case is odd, the language of the statute is clear: the local defendant must have been "properly joined and served" before the case becomes ineligible for removal.

Plaintiff, however, also argues that Defendant was "sufficiently served for the purpose of Section 1441" because Defendant received a copy of the complaint and summons by mail with a notice and acknowledgement of receipt. Reply at 4. The Court agrees with Defendant that this is not "service" for the purposes of §1441(b)(2). There is no question that delivery of the complaint and summons by mail is not sufficient service of process under either federal or California law unless the acknowledgment of receipt is actually returned by the served party. See Cal. Civ. Code § 415.30(c). No such return happened in this case. The Court sees no reason to deem incomplete service to be service for the purposes of §1441(b)(2). The statute says "served," not that the party received actual notice of the complaint.

The motion to remand is DENIED.

IT IS SO ORDERED.

Date: 10/19/2018

_____
Dale S. Fischer
United States District Judge